IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  11-cv-01127-CMA-BNB

TRU-BALANCE, LLC, a Colorado limited liability corporation,

Plaintiff,

v.

ALCOA, INC., a Pennsylvania corporation,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on **Defendant Alcoa Inc.'s Motion to Stay** [Doc. # 24, filed 10/18/2011] (the "Motion to Stay").  The Motion to Stay seeks relief in two forms: (1) a stay of all proceedings; and (2) administrative closure of the case "pending the conclusion of the reexamination proceedings. . . ."  Memorandum In Support of Motion to Stay [Doc. # 25] at p. 1.  The Motion to Stay [Doc. # 24] is GRANTED insofar as it seeks a stay of proceedings pending reexamination, and I respectfully RECOMMEND that the case be closed administratively subject to reopening for good cause.

This is a patent infringement case.  It was commenced by the filing of a Complaint [Doc. # 1] on March 27, 2011.  On October 3, 2011, the United States Patent and Trademark Office granted a request for reexamination of the patent-in-suit, Order Granting Request for Inter Partes Reexamination [Doc. # 25-1] at p. 4 of 49, and rejected all claims asserted in the patent-in-suit.  Id. at p. 25 of 49.  The defendant promptly sought to stay this action pending the completion of reexamination.

## I.  STAY OF PROCEEDINGS

The parties agree that I should apply a four part test in considering the motion to stay:

> (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date is set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

eSoft, Inc. v. Blue Coat Systems, Inc., 505 F. Supp. 2d 784, 787 (D. Colo. 2007), citing Broadcast Innovation, L.L.C. v. Charter Communications, Inc., 2006 WL 1897165 at *4 (D. Colo. July 11, 2006) (internal quotation and citations omitted).

I agree with Alcoa that a stay is likely to simplify the issues in question and streamline the trial.  The statistics presented indicate that patent claims either are cancelled or altered in a large percentage of the cases subjected to reexamination.  Even the plaintiff admits that "it is likely that *at least some* of the claims will survive the reexamination process. . . ."  Response [Doc. # 32] at p. 4 (emphasis added).

Discovery is not completed and no trial date has been set.  To the contrary, the case is in its early stages.  At the request of the parties I set a schedule which ties most pretrial deadlines to an order on claim construction.  Scheduling Order [Doc. # 20] at Part 9.  Claim construction briefing occurred in December 2011 and January 2012, and the court has not set a Markman hearing or issued an order construing the claims.

I find that a stay pending reexamination will not unduly prejudice the plaintiff or present a clear tactical advantage for Alcoa.  Although the reexamination process can take years, "[m]ere delay, without more . . ., does not demonstrate undue prejudice."  Cameras Onsite, LLC v.

Digital Management Solutions, Inc., 2010 WL 1268054 at *3 (S.D. Tex. March 24, 2010) (internal quotation and citations omitted).  I also agree with Alcoa that "the specialized expertise the PTO can bring to bear on the question whether prior art undermines the validity of the patent's claims would unquestionably help this court resolve Plaintiff's case expeditiously, efficiently, and--most importantly--correctly."  eSoft, 505 F. Supp. 2d at 787.

Finally, I find that a stay will reduce the burden of litigation on the parties and the court.  As this court noted in the Broadcast Innovation case:

> There is a significant chance that the PTO will either invalidate this patent or drastically decrease its scope.  This creates a very real possibility that the parties will waste their resources [and those of the court] litigating over issues that will ultimately be rendered moot by the PTO's finding.  Simplification of the issues will allow both parties [and the court] to conserve time and resources.

Broadcast Innovations, 2006 WL 1897165 at *10, quoting Tap Pharm. Prod. Inc. v. Atrix Labs., Inc., 70 U.S.P.Q. 1319, 1320 (N.D. Ill. 2004).

All four factors point in favor of staying the case pending reexamination.

## II.  ADMINISTRATIVE CLOSURE

Local rule of practice 41.2, D.C.COLO.LCivR, provides that "[a] district judge or a magistrate judge exercising consent jurisdiction may direct the clerk to close a civil action administratively subject to reopening for good cause."  Administrative closure is appropriate here in view of my order staying the, because the reexamination process may take months to complete, and because reexamination may resolve the matters in dispute.

## III.  CONCLUSION

IT IS ORDERED that the Motion to Stay [Doc. # 24] is GRANTED insofar as it seeks an order staying proceedings pending reexamination.

I respectfully RECOMMEND that the case be closed administratively subject to reopening for good cause.[1]

Dated February 27, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).